J-S42022-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BERNARD FIELDING | |
| Appellant | No. 3462 EDA 2014 |

Appeal from the PCRA Order October 29, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1036801-1992

BEFORE: SHOGAN, J., MUNDY, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.:          **FILED SEPTEMBER 28, 2015**

Appellant, Bernard Fielding, appeals *pro se* from the October 29, 2014 order, dismissing, without a hearing, his fifth petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. After careful consideration, we affirm.

The PCRA court summarized the procedural history of this case as follows.

> On April 18, 1994, following a jury trial … [Appellant] was found guilty of [s]econd[-d]egree [m]urder, [b]urglary, [r]obbery, [c]riminal [c]onspiracy, and [p]ossession of an [i]nstrument of [c]rime.[1]  [Appellant] was sentenced to an aggregate term of life imprisonment.  [Appellant]

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(b), 3502, 3701, 903, and 907, respectively.

appealed, and on December 26, 1995, the Superior Court affirmed the judgment of sentence. [**Commonwealth v. Fielding**, 676 A.2d 280 (Pa. Super. 1995) (unpublished memorandum), *appeal denied*, 681 A.2d 1341 (Pa. 1996).] On August 9, 1996, the Pennsylvania Supreme Court denied *allocatur*. [No further direct appeal was pursued.]

On September 2, 1997, [Appellant] filed his first petition pursuant to the [PCRA]. Court-appointed counsel subsequently filed a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988), and the petition was dismissed. No appeal followed.

[Appellant] filed his second PCRA petition on December 19, 2001, and it was subsequently dismissed. The Superior Court affirmed the dismissal on May 23, 2003, and no appeal followed. [**Commonwealth v. Fielding**, 829 A.2d 356 (Pa. Super. 2003) (unpublished memorandum).]

[Appellant] filed his third PCRA petition on May 26, 2004, and it was subsequently dismissed. The Superior Court affirmed the dismissal on July 13, 2006, and no appeal followed. [**Commonwealth v. Fielding**, 907 A.2d 1132 (Pa. Super. 2006) (unpublished memorandum).]

[Appellant] filed his fourth PCRA petition on July 12, 2010, and it was dismissed [as untimely] February 17, 1012. The Superior Court affirmed the dismissal on March 5, 2013. [**Commonwealth v. Fielding**, 69 A.3d 1282 (Pa. Super. 2013) (unpublished memorandum).]

[Appellant] filed the instant petition, his fifth, on April 15, 2014. After conducting an extensive and exhaustive review of these filings, the record, and applicable case law, [the PCRA] court determined that the instant petition was untimely filed and that none of the timeliness exceptions applied. On August 14, 2014, [the PCRA court]

provided [Appellant] with notice of its intent to dismiss his petition without a hearing pursuant to Pa.R.Crim.P. 907, and [Appellant] filed a response on August 28, 2014. [The PCRA court] subsequently dismissed the petition on October 29, 2014. [Appellant] filed a [timely] notice of appeal from that order [on November 25, 2014].

PCRA Court's Opinion, 1/22/15, at 1-2.[2]

Appellant has neglected to state any questions presented for review as required by Pa.R.A.P. 2116(a). Such an omission may be grounds for dismissal of an appeal. *See generally* Pa.R.A.P. 2101. Appellant does state that, "Appellant submits the PCRA court erred by summarily denying the claim presented … without a hearing" in a section captioned "Summary." Appellant's Brief at 6. Because this deficiency does not impede our review of the timeliness of Appellant's PCRA petition, we decline to dismiss the appeal. *See Commonwealth v. Dupre*, 866 A.2d 1089, 1096 (Pa. Super. 2005), *appeal denied*, 879 A.2d 781 (Pa. 2005) (declining to dismiss appeal where appellate brief's deficient questions presented on appeal did not impede review).

We briefly note our standard of review in this matter.

Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and

---

[2] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). The PCRA court issued its Rule 1925(a) opinion on January 22, 2015.

free of legal error. This Court treats the findings of the PCRA court with deference if the record supports those findings. It is an appellant's burden to persuade this Court that the PCRA court erred and that relief is due.

*Commonwealth v. Feliciano*, 69 A.3d 1270, 1274-1275 (Pa. Super. 2013) (citation omitted).

Instantly, the PCRA court dismissed Appellant's fifth PCRA petition as untimely. "[I]t is well-settled that … a question of timeliness implicates the jurisdiction of our Court." *Commonwealth v. Gandy*, 38 A.3d 899, 902 (Pa. Super. 2012) (internal quotation marks and citation omitted), *appeal denied*, 49 A.3d 442 (Pa. 2012). "Because these timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner." *Commonwealth v. Lopez*, 51 A.3d 195, 196 (Pa. 2012) (internal quotation marks and citation omitted). The PCRA "confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar[.]" *Commonwealth v. Watts*, 23 A.3d 980, 983 (Pa. 2011) (citation omitted). This is to "accord finality to the collateral review process." *Id.* (citation omitted). "It is well settled that [a]ny and all PCRA petitions must be filed [in a timely manner] unless one of three statutory exceptions applies." *Commonwealth v. Garcia*, 23 A.3d 1059, 1061-1062 (Pa. Super. 2011) (internal quotation marks and citations omitted), *appeal denied*, 38 A.3d 823

(Pa. 2012). "We have repeatedly stated it is the appellant's burden to allege and prove that one of the timeliness exceptions applies. Whether [the a]ppellant has carried his burden is a threshold inquiry prior to considering the merits of any claim." *Commonwealth v. Edmiston*, 65 A.3d 339, 346 (Pa. 2013) (citation omitted), *cert. denied*, *Edmiston v. Pennsylvania*, 134 S. Ct. 639 (2013).

The Act provides for the following possible exceptions to the timeliness requirement.

### § 9545.  Jurisdiction and proceedings

…

(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be [timely] filed … unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period

provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

…

42 Pa.C.S.A. § 9545(b).

Instantly, Appellant's fifth PCRA petition is facially untimely. His judgment of sentence became final on November 7, 1996, ninety days after our Supreme Court denied Appellant's petition for allowance of appeal, when the time to file for a writ of certiorari to the United States Supreme Court expired. *See generally* U.S.Sup.Ct.R. 13(1). Therefore, Appellant had until November 7, 1997, one year from that date, to file a timely first or subsequent PCRA petition. *See generally* 42 Pa.C.S.A. § 9545(b)(3). As noted, it is required that Appellant pleads and proves one of the statutory exceptions to the PCRA's time limits to invoke the PCRA or this Court's jurisdiction to consider his petition. *See Edmiston*, *supra*.

In neither his PCRA petition, his response to the PCRA court's Rule 907 notice, nor his Appellate brief, does Appellant allege the applicability of any of the enumerated statutory exceptions to the PCRA's timeliness requirements. Rather, Appellant avers "[c]laims of Actual Innocence are never time barred." Appellant's Brief at 7A. Appellant asserts he has made

out a strong prima facie case for innocence and manifest injustice such that it "will equitably toll limitations period." **Id.**

Such arguments have been clearly rejected as misconstruing the jurisdictional nature of the PCRA's timeliness provisions. **See Lopez**, **supra**.

> This court has determined that in reviewing claims for relief in a second or subsequent collateral attack on a conviction and judgment of sentence, the request will not be entertained unless a strong prima facie showing is demonstrated that that[sic] a miscarriage of justice occurred. **Commonwealth v. Lawson**, 519 Pa. 504, 549 A.2d 107 (1988). "An appellant makes such a prima facie case only if he demonstrates that either the proceedings which resulted in his conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or that he was innocent of the crimes charged." **Commonwealth v. Morales**, 549 Pa. 400, 701 A.2d 516 (1997). However, the **Lawson** miscarriage of justice standard affords Appellant no relief in this case.
>
> Again, Appellant fails to understand that this court … clearly noted that the time requirements under the amendments to the PCRA are jurisdictional. Thus, while the court would consider a timely petition under the **Lawson** standard, the court has no jurisdiction to address an untimely petition….

**Commonwealth v. Fahy**, 737 A.2d 214, 223, (Pa. 1999).

As noted, Appellant's petition is facially untimely. Appellant has failed to plead or prove any exception to the one-year time limit for filing a PCRA petition. We therefore conclude the PCRA court and this Court lack jurisdiction to review the merits of Appellant's claims. **See id.** Accordingly, we affirm the PCRA court's October 29, 2014 dismissal order.

Order affirmed.

Judge Shogan joins the memorandum.

Justice Fitzgerald did not participate in the consideration or decision of this case.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:* *9/28/2015*